IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM GIACONE,

      Plaintiff,                    13cv1558

                                    **ELECTRONICALLY FILED**

        v.

VIRTUAL OFFICEWARE, LLC, DAVID HAREL,

      Defendants.

### Order on Defendants' Motion in Limine (doc. no. 65)

This is a breach of contract action brought by Plaintiff, a former employee and minority shareholder of Virtual Officeware, LLC (VOW), who claims that Defendants breached his Employment Agreement in numerous respects. Plaintiff seeks to recover alleged unpaid wages pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"). 40 P.S. § 260.1, *et seq*. Defendants have filed Counterclaims against Plaintiff also alleging that he breached the applicable Employment Agreement, including breach of restrictive covenants. This case is scheduled for a non-jury trial to commence on December 1, 2014. Motions in Limine were due on September 8, 2014. Doc. No. 40. Pending before this Court is Defendants' First (only) Motion in Limine to Exclude Parol Evidence (doc. no. 65) and Plaintiff's Response in Opposition thereto (doc. no.69).

Plaintiffs seek to introduce a series of emails between Defendant Harel, and other members of VOW's Board, relating to negotiations which occurred in the months leading up to Plaintiff's resignation and after the employment contract that was allegedly breached was entered into between the parties. While Defendants argue that the evidence should be excluded as inadmissible parol (extrinsic) evidence and under Fed. R. Evid. 403, Plaintiff contends that the

emails contain admissions of fact, against Defendants' interest, regarding his interpretation of the Employment Agreement. After careful consideration, and after reviewing the attached emails (doc. no. 72-1), the Court will overrule Defendants' objection to the introduction of these emails because they are relevant to the question of breach of the Employment Agreement and do not constitute inadmissible parol evidence.[1] This Court, sitting as the fact-finder, will not confuse the issues and given several of the emails were authored by Defendant Harel, and the others were drafted by the Board of Directors of Defendant (Jim Southern and Robert Dahl – both of which are listed as may call witnesses for Defendant), the Court does not view that the introduction of this evidence would be necessarily lengthy, nor is it collateral. Rather, it relates to Defendant Harel "interpretation" of the Employment Agreement that he signed and shows that he believed that VOW ceased paying Giacone certain areas of compensation that were part of the Employment Agreement when the restructuring occurred. (See doc. no. 72-1)("These were taken today from the contract.")

For these reasons, Defendants' First Motion in Limine (doc. no. 65) is DENIED.

**SO ORDERED** this 22nd day of September, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[1] Where ambiguities exist in the contract language, extrinsic evidence is admissible to demonstrate the parties intent. Ambiguities can be latent ambiguities, that is "collateral facts which render the meaning of a written contract uncertain although the language, on its face, appears clear and unambiguous." *Steuart v. McChesney*, 444 A.2d 659, 663 (1982). Defendants contend that the ASP Commission Formula Contained in Schedule A was included by fraud or mistake. Parol evidence is excluded when it relates to *preliminary* negotiations and conversations because the writing (the language of the contract), as long as executed without fraud or mistake, is the best and only evidence of the agreement. *Yocca v. Pittsburgh Steelers Sports Inc.*, 854 A.2d 425, 436 (Pa. 2004). As Plaintiff points out, and this Court agrees, parol evidence which indicates the parties' interpretation of the contract, as manifested by their conduct *after* formation, is entitled to great weight. *Z & L Lumber Co. of Atlasburg v. Nordquist*, 502 A.2d 697, 701 (Pa. Super. 1985) (citations omitted).